USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/20/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

                Plaintiff,

  -against-

DETECTIVE CHRIS G. MALONEY, OFFICER
VICTOR CARABELLO, OFFICER BRIAN
DUNNE, OFFICER THOMAS LATORRE,
ORLANDO CRUZ, and BRIAN CALLAHAN,

                Defendants.

15-cv-8848 (NSR)
ORDER GRANTING REQUEST FOR
PRO BONO COUNSEL

NELSON S. ROMÁN, United States District Judge:

Plaintiff Kim Vasquez ("Plaintiff") brings this action *pro se* against Detective Chris G. Maloney, Officer Victor Carabello, Detective Orlando Cruz, Officer Brian Dunne, Detective Brian Callahan, and Officer Thomas LaTorre (together, "Defendants") pursuant to 42 U.S.C. § 1983, alleging illegal search and detainer. (ECF No. 84.) On March 19, 2020, this Court denied Plaintiff's motion to suppress and granted in part and denied in part Defendants' motion for summary judgment. (ECF No. 129.) The Second Circuit affirmed. As a result, the sole remaining claim is of unreasonable search and seizure under the Fourth Amendment appears to be proceeding to trial.

By letter dated July 15, 2020, Plaintiff expressed interest in the Court appointing *pro bono* counsel. (ECF No. 137.) Plaintiff reiterated this interest during a conference with the Court on May 20, 2021.

As Plaintiff has a claim that has survived summary judgment, this Court concludes Plaintiff's claims are "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Furthermore, as this matter appears to be proceeding to trial, the Court finds that appointment of counsel in this matter would "lead to a quicker and more just result by sharpening

the issues and shaping examination." *Id.* at 61. Accordingly, the Court GRANTS Plaintiff's application that the Court request *pro bono* counsel.

The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Counsel for Defendants is directed to a mail copy of this Order to Plaintiff at the address listed on ECF and to file proof of service on the docket.

Dated: May 20, 2021  
        White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge